UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cr-20479-PCH

UNITED STATES OF AMERICA,

v.

RUBEN GARCIA-SALAS,

   Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** is before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Ruben Garcia-Salas in this case. (ECF No. 13). Based upon the change of plea hearing conducted on January 13, 2026, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1. The hearing began with the assistance of a Court-certified Spanish interpreter. It became clear that, despite his insistence that he prefers Spanish, his Spanish comprehension was insufficient to conduct the hearing. An interpreter of Mam was utilized. The Spanish interpreter interpreted the Court's questions from English to Spanish for the Mam interpreter, who addressed Defendant through the Court's remote video capacity; the Mam interpreter interpreted the Defendant's responses into Spanish and the Spanish interpreter to English for the record.

2. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did

not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3.     This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4.     Defendant pled guilty to the Indictment, which charges him with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). The Court advised Defendant that the maximum penalty the Court could impose is a term of two years imprisonment, followed by a maximum term of supervised release of up to one year. In addition to any term of imprisonment, the Court may also impose a fine of up to $250,000.00. Defendant was further advised that the Court will impose a mandatory special assessment of $100.00, which is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution and forfeiture, as well as the potential for immigration consequences including forfeiture. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

6.     Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

7.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the

undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8.  Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

9.  Counsel for both Parties indicated a preference to waive the preparation investigation report and the Government confirmed it will not oppose entry of a sentence to time-served. Accordingly, a pre-sentence investigation report is not recommended at this time. The sentencing will be set by separate order.

The Parties will have **THREE (3) DAYS**[1] within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in open court at Miami, Florida, this 13th day of January, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Parties agreed to this abbreviated period within which to file objections.